# EXHIBIT K

```
                                                              Page 1

 1              UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF FLORIDA
 2                    MIAMI DIVISION
 3          Case No. 19-cv-23591-BLOOM/Louis
 4

 5   HAVANA DOCKS CORPORATION,
 6           Plaintiff,
 7   vs.
 8   NORWEGIAN CRUISE LINE
     HOLDINGS LTD.,
 9
             Defendant.
10   _____/
11
12
13
14
                              Tuesday, December 8, 2020
15                            10:03 a.m. - 5:30 p.m.
16
17
18      VIDEOTAPED DEPOSITION OF JERRY M. JOHNSON,
     AS CORPORATE REPRESENTATIVE OF HAVANA DOCKS CORPORATION
19
20
21         Taken via Zoom videoconference on behalf of the
22      Defendant before Elizabeth Cordoba, RMR, CRR, FPR,
23      Notary Public in and for the State of Florida at
24      Large, pursuant to Defendant's Notice of Taking
25      Deposition in the above cause.
```

Page 2

```
 1  APPEARANCES:
 2  ATTORNEYS FOR PLAINTIFFS:
 3  COLSON HICKS EIDSON
    Roberto Martinez, Esq. (Via Zoom videoconference)
 4  Bob@colson.com
    Stephanie Casey, Esq. (Via Zoom videoconference)
 5  Stephaniecasey@gmail.com
    255 Alhambra Circle
 6  Penthouse
    Coral Gables, FL 33134
 7  (305) 476-7400
 8
    MARGOL & MARGOL
 9  Rodney Margol, Esq. (Via Zoom videoconference)
    2029 North Third Street
10  Jacksonville Beach, FL 32250
    (904) 355-7508
11  Rodney@margolandmargol.com
12
    ATTORNEYS FOR DEFENDANTS:
13
    HOGAN LOVELLS US LLP
14  Allen P. Pegg, Esq. (Via Zoom videoconference)
    Allen.pegg@hoganlovells.com
15  Nathalie de Almagro, Esq. (Via Zoom videoconference)
    Nathalie.dealmagro@hoganlovells.com
16  Daniel Balmori, Esq. (Via Zoom videoconference)
    Daniel.balmori@hoganlovells.com
17  600 Brickell Avenue
    Suite 2700
18  Miami, FL 33131
    (305) 459-6500
19
20  NORWEGIAN CRUISE LINE
    Daniel Seth Farkas, Esq. (Via Zoom videoconference)
21  Dfarkas@ncl.com
    Lincoln Manuel Vidal, Esq. (Via Zoom videoconference)
22  Lvidal@ncl.com
    7665 NW 19th St
23  Miami, FL 33126-1201
    (305) 436-4690
24
25
```

Page 3

```
 1  APPEARANCES (Continued):
 2  ALSO PRESENT (via Zoom videoconference):
 3  Mickael Behn
    Scott Hay, Videographer
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 4

```
 1           INDEX OF PROCEEDINGS
 2  WITNESS                         PAGE
 3  JERRY M. JOHNSON, As Corporate Representative
    of Havana Docks Corporation
 4  Direct Examination By Mr. Pegg        7
    Cross-Examination By Mr. Martinez     226
 5  Redirect-Examination By Mr. Pegg      235
    Recross-Examination By Mr. Martinez   236
 6  Redirect-Examination By Mr. Pegg      238
 7
 8           EXHIBITS
 9  NUMBER       DESCRIPTION            PAGE
10  Exhibit 1, March 24, 2017 Email,      18
    Exhibit 2, Norwegian Cruise Line's Second  22
11  Renotice of Taking Videotaped Deposition,
    Exhibit 3, Havana Docks Response to NCL's Rule  56
12  30(B)(6) Notice,
    Exhibit 4, Answers to Interrogatories,  63
13  Exhibit 5, 1905 Decree (English),     69
    Exhibit 6, Concession Documents,      73
14  Exhibit 7, 1920 Decree (English),     76
    Exhibit 8, 1934 Decree (English),     79
15  Exhibit 9, Notes to Financial Statements,  84
    Exhibit 10, Answers and Objections to  90
16  Defendant's Second Set of Interrogatories,
    Exhibit 11, FCSC Proposed Decision,   99
17  Exhibit 12, FCSC Final Decision,      99
    Exhibit 13, Photos,                  114
18  Exhibit 14, August 29 - 30, 2017 Email Chain,  138
    Exhibit 15, April 2, 2018 Email,     144
19  Exhibit 16, Document Bates-Labeled HDC 13553 -  149
    13555,
20  Exhibit 17, December 19, 2017 Email Chain,  167
    Exhibit 18, December 21 - 22, 2017 Email  173
21  Chain,
    Exhibit 19, March 29, 2018 - August 2, 2018  179
22  Email Chain,
    Exhibit 20, March 29, 2018 - August 2, 2018  194
23  Email Chain,
24
25
```

Page 5

```
 1  Thereupon,
 2      THE VIDEOGRAPHER:  Good morning.  We are now
 3  going on the record at 10:03 a.m. on December 8,
 4  2020.  This is Media Unit Number One of the
 5  video-recorded deposition of corporate representative
 6  Jerry Johnson, taken by counsel for the defendant in
 7  the matter of Havana Docks Corporation versus
 8  Norwegian Cruise Line Holdings, LTD, filed in the
 9  United States District Court Southern District of
10  Florida, Miami division.  Case number 19-CV-23591
11  BL00M/Louis.
12      This deposition is being held remotely via Zoom
13  videoconference.  My name is Scott B. Hay from the
14  firm of Veritext and I am the videographer.  The
15  court reporter is Beth Cordoba from the firm of
16  Veritext.
17      Will counsel now please introduce themselves
18  for the record and whom they represent, after which
19  the court reporter will then swear in the witness and
20  we may proceed.
21      MR. MARTINEZ:  Good morning.  Rob Martinez with
22  the law firm of Colson Hicks Eidson on behalf of the
23  Havana Docks.  And I see on the Zoom participating is
24  my law partner Stephanie Casey and I see my
25  co-counsel Rodney Margol just joined us.
```

2 (Pages 2 - 5)

| Page 226 | Page 228 |
|---|---|
| 1  government about whether or not they would even be willing<br>2  to consider the possibility of Norwegian sailing to Havana<br>3  and anchoring and tendering its passengers in to the Port<br>4  of Havana, correct?<br>5       MR. MARTINEZ:  Objection.  Asked and answered.<br>6       THE WITNESS:  I am sorry to be repetitive,<br>7  Mr. Pegg, but we have had no communications with the<br>8  Cuban government.<br>9       MR. PEGG:  Okay.  All right.  Mr. Johnson, I<br>10  appreciate your time with us throughout today.  Those<br>11  are all the questions I have for you as the 30(b)(6)<br>12  designee.<br>13       THE WITNESS:  Yes, sir, Mr. Pegg.  And thank<br>14  you for your courtesy today for me.<br>15       MR. MARTINEZ:  Let me have five minutes,<br>16  please.<br>17       MR. PEGG:  Okay.<br>18       MR. MARTINEZ:  Off the record.<br>19       THE VIDEOGRAPHER:  The time is now 5:12.  We<br>20  are going off the record.<br>21       (Thereupon, a recess was taken.)<br>22       THE VIDEOGRAPHER:  The time is 5:16.  We are<br>23  back on the record.<br>24            CROSS-EXAMINATION<br>25  BY MR. MARTINEZ: | 1   Q.   When you said you gave Dr. Garcia permission to<br>2  speak for Havana Docks, then you used the word "broad<br>3  permission."  What did you mean by that, sir?<br>4   A.   Yes.  I meant generally we gave him, as I<br>5  indicated, permission to do various things for us when our<br>6  common interests aligned, for example, setting up<br>7  meetings, email exchanges, even lobbying efforts,<br>8  coordinating those and so forth.<br>9       So again, as I recall in the discussion with<br>10  Mr. Pegg, I used the term "broad."  There were various<br>11  things that Dr. Bengochea did in relation to our common<br>12  interests in regard to Title III and Title IV.<br>13   Q.   Was Dr. Garcia ever an employee of Havana<br>14  Docks?<br>15   A.   He was not.<br>16   Q.   Was he ever an officer of Havana Docks?<br>17   A.   He was not.<br>18   Q.   Was he ever a director of Havana Docks?<br>19   A.   No, sir, he was not.<br>20   Q.   Did he ever have an interest in Havana Docks?<br>21   A.   No, sir.<br>22       MR. PEGG:  Object to the form.<br>23  BY MR. MARTINEZ:<br>24   Q.   Did he ever have an interest in Havana Docks'<br>25  claim, certified claim? |
| Page 227 | Page 229 |
| 1   Q.   Mr. Johnson, good afternoon.<br>2   A.   Good afternoon.<br>3   Q.   Mr. Johnson, in response to some questions by<br>4  Mr. Pegg, you indicated that you gave Dr. Garcia<br>5  permission to speak for Havana Docks.  I believe you<br>6  indicated that you gave him permission broadly.  Do you<br>7  remember that line of questioning?<br>8   A.   Yes, I remember the discussion.<br>9   Q.   All right, sir.  What did you mean when you<br>10  said to Mr. Pegg you gave Dr. Garcia<br>11  permission (inaudible) --<br>12       THE REPORTER:  You are trailing off.<br>13       MR. MARTINEZ:  I will do it again.  Can you<br>14  hear me okay?  Scott, can you hear me?  Let me ask it<br>15  again.  I will raise my voice.  I am looking down at<br>16  my notes.  Let me tilt the screen a little bit.<br>17  BY MR. MARTINEZ:<br>18   Q.   Mr. Johnson, there was a line of questioning by<br>19  Mr. Pegg in connection with Dr. Garcia.  And I believe you<br>20  indicated to Mr. Pegg that Havana Docks had given<br>21  Dr. Garcia permission to speak for Havana Docks.  I<br>22  believe your words were "broad permission."<br>23       My question to you, sir, is what did you mean<br>24  by that?<br>25   A.   By the word "broad," Mr. Martinez? | 1   A.   An interest in Havana Docks' certified claim?<br>2   Q.   Yes, sir.<br>3   A.   No, he did not.<br>4   Q.   Was he ever an agent of Havana Docks?<br>5       MR. PEGG:  Object to the form.<br>6       THE WITNESS:  He was not.<br>7  BY MR. MARTINEZ:<br>8   Q.   You can answer.  Was he ever an agent of Havana<br>9  Docks?<br>10       MR. PEGG:  Object to the form.<br>11       THE WITNESS:  Mr. Martinez --<br>12  BY MR. MARTINEZ:<br>13   Q.   Let's do it again.<br>14   A.   I'm sorry, Mr. Pegg.  I am answering too<br>15  quickly.  I apologize.<br>16   Q.   Let me ask it again, hesitate, Mr. Pegg is<br>17  going to make an objection.<br>18   A.   Yes, I apologize to Mr. Pegg.<br>19       MR. PEGG:  No problem.<br>20  BY MR. MARTINEZ:<br>21   Q.   Was Dr. Garcia ever an agent of Havana Docks?<br>22       MR. PEGG:  Object to the form.<br>23       THE WITNESS:  Dr. Garcia was never an agent of<br>24  Havana Docks.<br>25  BY MR. MARTINEZ: |